IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| BONIFACIO CAYETANO-HERNANDEZ, | : | |
|---|---|---|
| Petitioner | : | |
| v. | : | CIVIL NO. 4:17-CV-437 |
| CRAIG LOWE, ET AL., | : | (Judge Brann) |
| Respondent | : | |

## MEMORANDUM

APRIL 11, 2017

**Background**

Bonifacio Cayetano-Hernandez filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania. Named as Respondents are various federal officials and Warden Craig Lowe of the Pike County Correctional Facility.[1] Petitioner's accompanying request for leave to proceed in forma pauperis will be granted for the sole purpose of the filing of this action with this Court.

Cayetano-Hernandez states that he is a native and citizen of Mexico who first entered the United States in 2004 and was thereafter granted voluntary

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, in this case, Warden Lowe. See 28 U.S.C. § 2242.

1

departure. According to the Petitioner, he reentered the United States in 2008 without inspection. Following a Pennsylvania state criminal conviction for insurance fraud, forgery (12 counts), and criminal attempt/theft by deception, removal proceedings were initiated against Cayetano-Hernandez. An Immigration Judge ordered Petitioner's removal on October 25, 2016. An appeal of that determination was pending before the Board of Immigration Appeals (BIA) when this matter was initiated.

Petitioner claims that he has been detained by ICE for over seventeen (17) months. The pending § 2241 petition challenges Cayetano-Hernandez's indefinite detention pending removal. The Petitioner contends that he has been detained for an unreasonable amount of time while his removal proceedings are ongoing in violation of the Due Process Clause of the Fifth Amendment, Diop v. ICE/Homeland Sec., 656 F.3d 221, 231-35 (3d Cir. 2011), and Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269 (3d Cir. 2012). As relief, Petitioner seeks his immediate release or a bond hearing as contemplated in Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015).

**Discussion**

Following the filing of this action correspondence sent to the Petitioner by the Clerk of Court's office was returned as undeliverable with a notation that the

letter could not be forwarded.  See  Doc. 4.  The Clerk of Court's office attempted to verify the Petitioner's whereabouts by telephoning the Pike County Prison and was informed only that he had been released from that facility on or about March 10, 2017.

M.D. Pa. Local Rule 83.18  provides that a pro se litigant such as Cayetano-Hernandez has an affirmative obligation to keep the Court informed of his address and must immediately inform the Court if his address changes in the course of the litigation.  Failure to satisfy that obligation may  be construed as a failure to prosecute and result in an entry of dismissal.[2]  See Fed. R. Civ. P. 41(b).

Although Petitioner has apparently left the Pike County Prison, he has not advised this Court of either his release from that facility nor provided it with his current address.  Consequently, he has failed to comply with the requirements of Local Rule 83.18.

Petitioner's failure has prevented this matter from proceeding.  The inability of this Court to communicate with Cayetano-Hernandez is solely the result for his own inaction and renders ineffective any sanction short of dismissal of the action. See Poulis v. State Farm, 747 F. 2d 863 (3d Cir. 1984).  Since Petitioner's present

---

[2]  When a party fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate.  See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962).

whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue. Based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted. However, in the event that Petitioner provides this Court with his current address within a reasonable time period, this determination will be reconsidered.

Second, the case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990); <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. <u>Lewis</u>, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id</u>. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451,

1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Petitioner sought his immediate release from ICE detention or a bond hearing. Since Petitioner is no longer being detained at the Pike County Prison, it appears that the instant petition may be subject to dismissal as moot under the principles set forth in Steffel because it no longer presents an existing case or controversy. An appropriate Order will enter.[3]

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[3] It is again noted that if Petitioner notifies the Court that he is still in ICE custody this matter will be reopened.